IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOHN BRYANT, et al.,

    Plaintiffs,

v.                                  No. 02-2916 B

SHELBY COUNTY, et al.,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT, AND GRANTING SHELBY COUNTY'S MOTION FOR SUMMARY JUDGMENT

On January 31, 2005, this Court entered an order granting the motion of the Defendants, Shelby County, Tennessee (the "County"); Mark Luttrell and A.C. Gilless, for summary judgment and dismissing this matter in its entirety. In doing so, the Court noted that the Plaintiffs, John Bryant and Rhonda Bryant, had failed to affix to their response to the dispositive motion copies of those portions of the record upon which they relied in opposing the motion, as is required by the local rules of this district. In the instant motion, the Plaintiffs have provided the Court with the missing portions of the record and seek relief from the judgment[1] as to the County only.

As the Court finds such relief warranted, the motion therefor is GRANTED. At this point, the Court will reconsider the County's motion for summary judgment on the merits, taking into account the submissions of the Plaintiffs. In light of its detailed discussion in the January 31 order concerning the undisputed facts, standard of review and applicable law with respect to municipal

---

[1] The motion has been made pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which permits the Court, in its discretion and "upon such terms as are just," to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."

liability, the Court will not repeat that information here.

In support of their contention that the County is liable for their alleged injuries, the Plaintiffs have submitted portions of the deposition testimony of County sheriff's deputies James Dobbins and Michael Pope, and Lieutenant Claude Robinson, also employed by the County sheriff's department.[2]

In its dispositive motion, the County argued that the Plaintiffs had failed to establish the existence of a custom or policy of the municipality which resulted in a violation of their constitutional rights. As the Court observed in its earlier opinion, "[t]he "policy" or "custom" identified by the Plaintiffs involves the limited amount and nature of information provided to County deputies assigned to the fugitive division with respect to the execution of warrants originating, as did this one, outside Shelby County." (Order Granting Mot. of Defs. Shelby County, Mark Luttrell and A. C. Gilless for Summ. J. at 6.) The Plaintiffs have cited to the following testimony in support of their position.

In deposing Pope, counsel questioned the sheriff's deputy as to whether he was aware that Keith Grimes, the individual for whom the officers were searching at the Bryant home, had been in the hospital or if attempts had been made to serve him with a Texas governor's warrant after he was released. When asked why he did not have this information, Pope stated that

> [w]e have three different shifts and you have, like, maybe 30 officers on each shift, so we don't know what each officer is doing until they come back the following day to update the information in the system. And when you have a governor's warrant or out of county warrant, since it's not a local Shelby County warrant, a lot of information is not generated in our system.

(Pls.' Mot. for Relief from Order and Supporting Mem., Ex. (Dep. of Michael Pope ("Pope Dep.")

---

[2] The Court notes, however, that the portion of the Plaintiffs' response to the motion for summary judgment addressing the liability of the County does not refer to the deposition testimony of Robinson.

at 44-45)

> [Grimes] has an out of county warrant and out of county warrants are handled through our extradition office. A lot of times the officers don't have privy information to what the extradition officers have until it's passed on to us to go make an attempt to arrest the subject.

(Pope Dep. at 46) An officer could not, according to Pope, call the extradition department in order to obtain information about Grimes, explaining that

> [w]e come in at four and extradition leaves at four. They leave warrants for our shift to try to make attempts on based on phone calls and information that they have. So at four o'clock there's no one to call to contact in extraditions to give you information or if something occurred about a person's warrant.

(Pope Dep. at 47) Similarly, Dobbins' deposition contained the following testimony:

> Q: There wouldn't be a file back at the fugitive division on Keith Grimes that would have every bit of correspondence or communications regarding him?
>
> A: I don't know. That would have been through extradition. I don't think so.

(Pls.' Mot. for Relief from Order and Supporting Mem., Ex. (Dep. of James Dobbins ("Dobbins Dep.") at 25)

> Q: Officer, about the actual warrant, and I believe it was your testimony off the record that you would not have actually had the warrant with you when you went to Mr. Bryant's house that evening?
>
> A: Correct.

(Dobbins Dep. at 22) Dobbins related that he knew Grimes was "a 6-foot-2, 260 pound man with an aggravated sexual battery charge out of Houston, Texas." (Dobbins Dep. at 29) He conceded that had he known Grimes "was a very, very sick man that had been cooperating fully with the authorities and had been making arrangements to turn himself in," it "possibly could have changed" the way the situation was handled. (Dobbins Dep. at 32) Based on the foregoing testimony, the Plaintiffs

3

maintain that the County's procedure with regard to the execution of out-of-county warrants was the "moving force" behind the constitutional injury, as, if the officers had possessed additional information, the injury would not have occurred.

However, it is not enough for a § 1983 plaintiff to simply identify conduct attributable to a municipality. Rather,

> [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Board of County Comm'rs of Bryan County,' Okla. v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (emphasis in original). Thus, to recover, a plaintiff

> must show that his civil rights were violated pursuant to and as a *direct result* of the [municipality's] official policy or custom. The burden in this regard requires a showing that the unconstitutional policy or custom existed, that the policy or custom was connected to the [municipality], and that the policy or custom caused his constitutional violation.

Napier v. Madison County, Ky., 238 F.3d 739, 743 (6th Cir. 2001) (internal citations omitted) (emphasis added). Even if the deposition testimony offered by the Plaintiffs established a municipal policy of failing to maintain adequate records easily accessible to officers in the field concerning individuals who are the subject of out-of-jurisdiction warrants, they have failed to show that their alleged injuries were the *direct result* of that policy. It is undisputed that the injury alleged by the Plaintiffs stems from the unlawful entry into their home by County deputies and from a blow apparently inflicted on Mr. Bryant by a deputy, causing him to fall down the stairs. Thus, the injuries alleged were a direct result of actions by the individual deputies, not of the municipal policy to which the Plaintiffs have referred. As the Court pointed out in its previous order, "a municipality may not

4

be held liable solely on the basis of <u>respondeat</u> <u>superior</u>." (Order Granting Mot. of Defs. Shelby County, Mark Luttrell and A. C. Gilless for Summ. J. at 5, citing <u>Brown</u>, 520 U.S. at 404, 117 S.Ct. at 1388)

For the reasons articulated herein, the County's motion for summary judgment, upon reconsideration, is GRANTED.

IT IS SO ORDERED this 9th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 42 in case 2:02-CV-02916 was distributed by fax, mail, or direct printing on September 9, 2005 to the parties listed.

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Kathryn McKinnis Wall
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 950
Memphis, TN 38103

Jeffrey S. Rosenblum
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 560
Memphis, TN 38103

Marc E. Reisman
ROSENBLUM & REISMAN
80 Monroe Ave.
Ste. 950
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT